Here, the marriage between Susan Westmoreland and Mr. Westmoreland was dissolved by the judgment entered on March 12, 1999. Susan Westmoreland's motion for contempt was clearly an attempt to enforce the dissolution judgment against Mr. Westmoreland. In response, Mr. Westmoreland moved to quash the motion for contempt and set aside the dissolution judgment. Thus, Mr. Westmoreland was trying to attack the dissolution judgment after it had become final and after Susan Westmoreland tried to enforce it. Judge O'Bannon, however, denied Mr. Westmoreland's motion attacking the enforcement of the dissolution judgment. As such, Judge O'Bannon's order denying Mr. Westmoreland's motion to set aside the dissolution judgment was a "special order after final judgment." Because Mr. Westmoreland has the right to appeal Respondent's special order, he has no right to relief by way of a writ.

Mr. Westmoreland attempts to distinguish this case by arguing the law applicable to civil contempt. That law is inapplicable. The question raised by his petition for a writ of prohibition is whether the judgment of dissolution is null and void and unenforceable. That is the same issue as was resolved by Judge O'Bannon's order denying Mr. Westmoreland's motion to set aside the dissolution decree. The fact that Susan Westmoreland's contempt motion has not been adjudicated does not preclude Mr. Westmoreland's appeal of the "order in a special proceeding that attack[s] the enforcement of a judgment," which is authorized by statute. *See* § 512.020, RSMo.[3]

Because this court holds that Mr. Westmoreland has no right to relief by way of a writ, we need not reach the merits of Mr. Westmoreland's argument. The preliminary writ of prohibition is quashed and the request for a permanent writ of prohibition is denied.

All concur.

**Paul HAHN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 60780.**

Missouri Court of Appeals,
Western District.

Oct. 22, 2002.

ruling in *Worley*, 19 S.W.3d at 129, that an order denying a motion to set aside a trial court's judgment was an appealable judgment under the "special order after final judgment" provision of § 512.020, RSMo.

3. Section 512.020, RSMo 2000, reads:
   Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or *from any special order after final judgment in the cause;* but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.
   (Emphasis added).

John M. Schilmoeller, Assistant Public Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, III, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before: EDWIN H. SMITH, P.J., LOWENSTEIN and HARDWICK, JJ.

### ORDER

PER CURIAM.

Paul Hahn appeals the denial of his Rule 29.15 motion without an evidentiary hearing. For reasons set forth in the Memorandum provided to the parties, we affirm. Rule 84.16(b).

**Martha MULLER, Appellant,**

**v.**

**TREASURER OF MISSOURI, as custodian of Second Injury Fund, Respondent,**

**and**

**Ford Motor Company, Defendant.**

**No. WD 60770.**

Missouri Court of Appeals, Western District.

Oct. 22, 2002.

